# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| RAMON MORENO and SILVIA ZAMORA, individually, and as the parents and guardians of A.M., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>SCHINDLER ELEVATOR CORPORATION, a Delaware corporation; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:18-cv-00646-JNP-PMW<br><br><br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs' short form discovery motion to compel discovery responses from Defendant Schindler Elevator Corporation ("Schindler").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 13.

[2] *See* docket no. 24.

## ANALYSIS

Before addressing Plaintiffs' motion, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

In their motion, Plaintiffs seek compelled responses from Schindler to six categories of discovery requests. However, through the briefing on Plaintiffs' motion, Plaintiffs have indicated that three of those categories are no longer at issue.[3] Accordingly, the court will address only the remaining three categories.

### I. Schindler's Defined Time Period (Interrogatories 3, 4, 6, 7, and 9; and Requests for Production 1-2, 4-6, 10-14, 16-20, and 22)

In its responses to these discovery requests, Schindler unilaterally defined the time period for responses to mean January 1, 2015, through the date of the incident underlying this action. Plaintiffs argue that Schindler should be required to respond for the time period of at least five

---

[3] *See* docket no. 29.

(5) years prior to the incident. The court agrees with Plaintiffs and concludes that a time period of five (5) years prior to the incident is a reasonable and proportional time period for these discovery requests. Accordingly, within thirty (30) days after the date of this order, Schindler shall provide full responses to these discovery requests for the time period of five (5) years prior to the incident.

II.     **Information Regarding Escalator, Installation, Servicing, Inspections, and Policies/Procedures (Interrogatories 4-6 and Request for Production 9)**

The court has reviewed these discovery requests and Schindler's responses. Based upon that review, the court concludes that Schindler's responses to Interrogatories 4-6 are inadequate and that its objections are not well taken. The court concludes that Interrogatories 4-6 seek information that is relevant to the claims and defenses in this case and is proportional to the needs of this case. As to Request for Production 9, the court concludes that Schindler's response and objections are well taken. The court is not persuaded that Request for Production 9 seeks information that is relevant to the claims and defenses in this case or proportional to the needs of this case. Accordingly, within thirty (30) days after the date of this order, Schindler shall provide full responses to Interrogatories 4-6. Schindler is not required to respond further to Request for Production 9.

III.    **Schindler's Compound Objections (Requests for Production 3, 8, 10, 15, and 23-25)**

Plaintiffs assert that Schindler failed to respond to these discovery requests based on its objection that the discovery requests were compound and, therefore, exceeded the number of requests allowed. Plaintiffs contend that when Schindler responded to some discovery requests over a compound objection, Schindler essentially waived its compound objection. The court agrees. If Schindler believed that Plaintiffs had exceeded the allowable number of discovery

3

requests, it should have sought court intervention before providing its responses to any discovery requests. *See, e.g.*, *Allahverdi v. Regents of Univ. of N.M.*, 228 F.R.D. 696, 698 (D.N.M. 2005) ("When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, the [responding party] waived this objection."). Accordingly, within thirty (30) days after the date of this order, Schindler shall provide full responses to these discovery requests.

## **CONCLUSION AND ORDER**

Plaintiffs' short form discovery motion to compel discovery responses from Schindler[4] is GRANTED IN PART and DENIED IN PART, as detailed above.

IT IS SO ORDERED.

DATED this 19th day of September, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 24.